IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SYLVIA MARTINEZ, et al.,

      Plaintiffs,

vs.                                                                         No. CV-93-1156 LH/DJS

BENJAMIN J. and GERALDINE
M. ROSCOE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Withdrawal of Orders and for Sanctions (Doc. No. 79) and Defendants' Motion and Memorandum in Support to Quash Entry of Appearance (Doc. No. 82). The Court, having read the briefs of the parties and being fully advised, finds that both motions are without merit and shall be **denied**.

<u>Motion for Withdrawal of Orders and for Sanctions</u>

The issues addressed by Defendants in their motion have already been litigated and were, in fact, addressed by the Tenth Circuit Court of Appeals in *Martinez v. Roscoe*, 100 F.3d 121 (10th Cir. 1996). A trial court is not free to "reconsider questions which the [appellate] mandate has laid at rest." *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 140 (1940).

Defendants ostensibly seek relief under FED.R.CIV.P. 60(b), however they mention none of the stated grounds for relief contained in that Rule. A trial court may consider a Rule 60(b) motion after an appellate decision only if the motion is based on "later events." *Standard Oil Co. of*

*California v. United States*, 429 U.S. 17, 18 (1976). All issues raised by Defendants were resolved either explicitly or by necessary implication by the Tenth Circuit. This means that this Court is now prohibited from revisiting these issues by the doctrine of the law of the case. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir. 1994).

Motion and Memorandum in Support to Quash Entry of Appearance

Defendants contend that attorney for Plaintiffs, Rex D. Throckmorton, entered an appearance in this matter in violation of D.N.M.LR-Cv. 83.4. I note that Plaintiffs' previous counsel of record, Robert C. Ericson, died in July 1998. Defendants object to the fact that Mr. Throckmorton did not sign the initial pleading filed on behalf of Plaintiffs. Obviously this requirement contained in the Rule is inapplicable to substitute counsel such as Mr. Throckmorton. In response to Defendants' motion, Mr. Throckmorton has submitted a Certificate of Good Standing that demonstrates his eligibility to appear in this Court under D.N.M.Lr-Civ.83.2 or 83.3. Finally, Defendants' third objection, that "Mr. Rex. D. Throckmorton has not obtained leave of Court to sign and file any pleading, motion or other paper" is not well taken. Because Mr. Throckmorton has entered an appearance in this matter, obtaining leave of Court to file such documents is not required.

For these reasons, Defendants' Motion for Withdrawal of Orders and for Sanctions (Doc. No. 79) and Defendants' Motion and Memorandum in Support to Quash Entry of Appearance (Doc. No. 82) shall be **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**