# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SYLVIA MARTINEZ, et al.,**

    **Plaintiffs,**

vs.                                                          No. CV-93-1156 LH/DJS

**BENJAMIN J. and GERALDINE
M. ROSCOE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Assess Attorney's Fee and Cost Award Against Defendant Benjamin J. Roscoe (Docket No. 97). The Tenth Circuit's August 25, 1999 decision found that Defendants' most recent appeal in this matter was frivolous. *Martinez v. Roscoe*, 189 F.3d 478 (10th Cir. 1999)(unpublished). The Tenth Circuit granted Plaintiffs' motion for attorney's fees and costs filed pursuant to that appeal, and remanded the case for a determination of an appropriate award. Accordingly, the sole issue before me is what amount of attorney fees and costs would be reasonable as an award. As set forth below, Plaintiffs' Motion is **granted.** Plaintiffs shall be granted attorney's fees and costs in the amount of $4,411.42.

**DISCUSSION**

Plaintiffs seek $4,811.79 for attorney's fees and costs in connection with this appeal.[1] Of this amount, $22.70 is for costs. In support of this motion, Attorney Edward Ricco has submitted an affidavit, as well as accounting and billing records prepared in conjunction with this appeal. Mr. Ricco indicates in his affidavit that his customary hourly billing rate is $175. He states that the cost of $22.70 was incurred to transport multiple copies of the completed brief to the Tenth Circuit clerk's office in Denver, Colorado. This affidavit sets forth the relevant information that must be taken into account in awarding counsel fees, under the guidelines of *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983).

Defendants filed a response to this motion, asking for a hearing and discovery on this motion. As set forth below, this determination is one of discretion for this Court. The Court has adequate information before it to make this determination; a hearing and discovery are unnecessary. Without specification, Defendants also vaguely state that the motion sets out numerous statements and claims that are not facts already in the record. There is no merit to the content of Defendants' response.

The Court has discretion to determine the amount of a fee award. *New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc.*, 72 F.3d 830, 834 (10th Cir. 1996). The attorney's fee amount should be determined on the particular facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). This determination begins by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Id.* at 433 and *Ramos v. Lamm*

---

[1] This is the lesser amount requested pursuant to Plaintiffs' Amendment to Motion to Assess Attorney's Fee and Cost Award Against Defendant Benjamin Roscoe, filed on November 16, 1999. Apparently, Plaintiffs' counsel's billing mistakenly contained a 6.5 hour entry instead of a time entry of .5 hours on January 18, 1999. This subsequent amendment corrected this error. Accordingly, the Court has factored this 6 hour reduction of time into account, and bases its award on 27.7 hours of work spent in the preparation of the appellate brief.

at 552. According to *Ramos*, it is up to this Court to establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable lawyers in this area. *Id.* At 555.

I have considered the number of hours reported by Mr. Ricco and have scrutinized the hours allotted to specific tasks. In his affidavit, Mr. Ricco mentions his experience as an appellate practitioner and that he was concerned in this matter that he not "devote excessive effort to the appeal in light of the frivolous nature of the issues but that [he] devote sufficient time to be able to convey to the Court of Appeals an accurate statement of the case and proceedings and a persuasive presentation of [his] clients' position in the hope that the appeal would be expeditiously and favorably resolved." Affidavit, ¶ 5. I conclude that 27.7 hours are a reasonable amount of time to accomplish the work in question.

The Court next turns to the issue of what is a reasonable hourly rate of compensation. The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area. *Gurule v. Wilson*, 635 F.2d 782, 794 (10th Cir. 1980). I note that Mr. Ricco has been an attorney for nearly 20 years and that he is in private practice in Albuquerque, New Mexico. In determining the reasonableness of the hourly rate, the Court may consider a variety of other factors as well. Obviously, a success was obtained on appeal and, as set forth above, Mr. Ricco attempted to keep the hours he spent reasonable but adequate to apprize the appellate court of the issues before it.

Previously in this same case, more than four years ago, I had the occasion to determine the reasonable billing rate of Ms. Karen Meyers, Plaintiffs' attorney at that time, who had 17 years of

experience. I awarded an hourly rate of $100 to her. Given the time lapse since that award, the fact that Mr. Ricco has more experience, and the fact that Defendants have remained unfettered in their frivolous litigation in this matter, I conclude that an hourly rate of $150 is a reasonable rate for Mr. Ricco. This is especially warranted, given the conscientious effort Mr. Ricco made in this matter to keep the number of hours he spent in this matter to a minimum. Based upon this rate, Defendants are liable in the amount of fees plus tax in the amount of $4388.72 plus $22.70 in costs, for a total award of $4,411.42.

**WHEREFORE**, for the foregoing reasons, Plaintiffs' Motion to Assess Attorney Fees and Costs is **granted.** Defendants are hereby ordered to pay attorney's fees and costs in the amount of $4,411.42.

**IT IS SO ORDERED.**

   **UNITED STATES DISTRICT JUDGE**